## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

MARCUX XAVIER OWENS,

      Petitioner,

v.                                                                      Case No. 5:21-cv-00410

KATINA HECKARD, Warden, FCI Beckley,[1]

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.  PROCEDUAL HISTORY

On July 22, 2021, Petitioner, who was then incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).  However, Petitioner did not pay the applicable $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs ("Application") at that time.  That same day, the Clerk issued a Notice of Failure to Remit Filing Fee (ECF No. 2), which directed Petitioner to either pay the $5.00 filing fee or file a properly completed Application form within 10 days.  Petitioner failed to do either in that time frame.

---

[1]  Upon information and belief, Katina Heckard is now the Warden at FCI Beckley.  The Clerk is directed to modify the docket sheet to reflect the name of Petitioner's current custodian, who is the proper Respondent.

Thus, on August 31, 2021, the undersigned entered an Order and Notice directing Petitioner to either pay the $5.00 filing fee or file a properly completed Application by September 15, 2021. (ECF No. 4). He was further advised that the failure to comply with the Order and Notice would result in the undersigned's recommendation that this matter be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) Petitioner did not comply with the undersigned's Order and Notice.

Thus, on October 19, 2021, the undersigned submitted a Proposed Findings and Recommendation ("PF&R") recommending that Petitioner's petition and this civil action be dismissed under Rule 41(b) for failure to prosecute. (ECF No. 5). The PF&R notified Petitioner that he had fourteen days, plus three days for mailing, to make specific objections to the PF&R. (*Id.* at 2-3). Petitioner's objections were due by November 2, 2021.

On November 10, 2021 (beyond the time period for filing a timely objection to the undersigned's PF&R), Plaintiff filed an objection indicating that he did not receive the original Order and Notice directing him to pay the filing fee or file an Application or the PF&R in his prison mail until October 21, 2021. (ECF No. 6). Thus, on December 13, 2021, the presiding District Judge entered an Order granting Plaintiff thirty additional days to "respond" to the undersigned's August 31, 2021 Order and Notice which required either payment of the filing fee or the filing of an Application form. As of today's date, Plaintiff has still not complied with the court's orders and has not communicated with the court in any way since the last Order was entered on December 13, 2021. According to the Federal Bureau of Prisons' website, Plaintiff is still in custody at FCI Beckley with a projected release date of March 26, 2023.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).  "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at \*1 (4th Cir. 1997) (unpublished).  Such is the case here.

## III.    FINDINGS AND RECOMMENDATION

Petitioner has not complied with the court's orders, and he was expressly warned that the failure to do so would result in the recommended dismissal of his petition and this civil action.  Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to prosecute this civil action and dismissal without prejudice is the most appropriate sanction.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

April 6, 2022

Dwane L. Tinsley
United States Magistrate Judge

4