UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MARCUS XAVIER OWENS,

    Petitioner,

v.                                  CIVIL ACTION NO. 5:21-cv-00410

KATINA HECKARD,
Warden, FCI Beckley,

    Respondent.

**ORDER**

Pending is Petitioner's Petition for Writ of Habeas Corpus [Doc. 1], filed July 22, 2021.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Petitioner did not pay the applicable $5.00 filing fee for his Petition or file an Application to Proceed Without Prepayment of Fees and Costs ("Application"). Magistrate Judge Tinsley entered an Order and Notice on August 31, 2021, directing Petitioner to either pay the $5.00 filing fee or file a properly completed Application within 10 days. [Doc. 4]. Magistrate Judge Tinsley filed his initial PF&R on October 19, 2021, recommending dismissal of the Petition under *Federal Rule of Civil Procedure* 41(b) for failure to prosecute. [Doc. 5]. On November 10, 2021, Petitioner filed an objection indicating he did not receive the Order and Notice or the PF&R until October 21, 2021. [Doc 6]. On December 13, 2021, the Undersigned granted Petitioner an additional 30 days to respond to the Order and Notice. [Doc. 8]. Petitioner did not respond. Magistrate Judge Tinsley

filed his second PF&R on April 6, 2022, reciting the same recommendation he earlier made. [Doc. 9].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on April 25, 2022. No objections were filed.

Accordingly, the Court **ADOPTS** the second PF&R [**Doc. 9**], **DISMISSES** the Petition for Writ of Habeas Corpus [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: May 25, 2022



Frank W. Volk
United States District Judge

2